PEOPLE *ex rel.* BARLOW, attorney-general, v. CANAL BOARD (1).

*Canals — surrender of contract to repair — Laws 1870, chap. 55.*

Upon a claim for compensation for permanent improvements by a canal contractor, who had surrendered his contract, under Laws 1870, chap. 55, §§ 4 and 5, there was evidence before the canal board that among other things new piers had been built, and old piers and dams and the tow-path, raised above their original height; feeders built, and new lock-gates put in. The claimant had an award for much less than the alleged permanent repairs had cost. *Held,* upon *certiorari,* affirming the proceedings of the canal board, that the court could not say that the repairs in question were not permanent, nor that the board had adopted an erroneous principle of compensation.

CERTIORARI to bring up the proceedings of the canal board. The facts appear in the opinion.

*Francis C. Barlow,* attorney-general, for relator.

*Francis Kernan,* for respondent.

PARKER, J. ·This case is brought up by *certiorari* for a review of the award of the canal board to George M. Case, under sections 4 and 5 of chapter 55 of the Laws of 1870.

George M. Case, as assignee of George Collins, held a contract for the repairs of the Cayuga and Seneca canal, which was to run five years from January 1, 1867, at $20,000 per year. It was surrendered under section 2 of the aforesaid chapter, and said surrender was accepted by the canal board, to take effect April 15, 1870.

Case thereupon, on November 23, 1871, presented a petition to the canal board asking that an award be made to him for "permanent improvements," and such award was made, by a·resolution of the canal board, on the 30th day of July, 1873, in the sum of $9,768.71.

The fifth section of the act provides that every contractor, the surrender of whose contract shall be accepted, shall be entitled to receive the money earned under his contract, and also "for such amount or proportion of work, labor and services under the same, for 'permanent improvements,' as shall, in the judgment of the canal board, be equitable and just, up to the time of surrender thereof."

Upon the abolishment, by the act above referred to, of the system of repairing the canals by contract, and the canceling of existing contracts, it was manifest that cases would be likely to occur in which the contractor would suffer actual loss, not merely of prospective profits (which the act prohibits the payment of), but for moneys expended in the first years of the contract, upon permanent works, which would, upon the giving up of his contract, before the expiration of its term, inure to the benefit of the State, in the matter of repairs, during the residue of the term, and much longer perhaps, in some cases, instead of to the contractor.

Such cases, undoubtedly, the legislature intended to provide for in the said fifth section, and if, in the case at bar, the canal board have made an award based upon facts, showing such expenditures by Case, it cannot be said, I think, that they have either disregarded all rule and principle, or adopted an improper one. From the evidence contained in the return, it may be fairly inferred that Case, before the surrender of his contract, had expended, upon permanent works belonging to the canal, an amount, at least equal to the award, which would inure to the benefit of the State, in the matter of repairs, for the two years remaining of the time for which the contract was made, and in some instances for a much longer time. If three-fifths of his entire expenditures upon such permanent works are justly chargeable to him under his contract, the remaining two-fifths are, with equal justice, chargeable to the State, which otherwise would have the benefit of them without compensation.

Now without going into detail as to the expenditures claimed for, which far exceed the amount awarded, I think enough appears to show that the canal board have acted within their jurisdiction, and the intent of the statute, which provides for the allowance by them to the contractor, for such proportion of the expenditures upon permanent improvements, up to the time of the surrender of his contract, as shall in their judgment be equitable and just, it is impossible to say that the work done by the contractor, in raising the tow-path from Waterloo to Geneva, and at various other points, at an aggregate expense of $8,365, especially as most, if not all, of it was raised above the original height, was not work upon permanent improvements.

Clearly, the canal board were much better qualified to judge in regard to the fact than the court; and we should not hold their conclusion of fact, in that respect, erroneous.

The same may be said in regard to work done upon building new piers, and raising old ones — raising dams above the original height, building feeders, and putting in new lock gates; also in regard to all the work proved by the report of Soule, the resident engineer, which I understand was new and permanent work, constructed on a new and more expensive plan than the original, and for which he was paid, after deducting the cost of renewing the work on the original plan, which he, as repair contractor, was bound to do.

In respect then to the question under consideration, all the amounts given by the engineer represent the expense of the structures as though renewed by the contractor upon the original plan, pursuant to his contract, and they are all permanent improvements, or at least I do not see why the canal board may not have properly considered them so, which will outlast the contract, and of which the State would receive the benefit for the two remaining years of the contract without charge, except what the contractor may be allowed under said fifth section of the act.

All these contributing to the permanent work on the canals would equitably entitle the contractor to an allowance under the act fully equal to the amount of the award in question, and I am able to discover no ground upon which we can say the defendants erred to the prejudice of the State in the proceedings and determinations which we are called upon to review.

I am of the opinion that the proceedings and award should be affirmed.

*Proceedings affirmed.*

MILLER, P. J., and P. POTTER, J., concurred.